DINA BOELE, ADMINISTRATRIX AD PROSEQUENDUM OF THE GOODS AND CHATTELS OF ANTON M. BOELE, DECEASED, PLAINTIFF, v. COLONIAL WESTERN AIR-WAYS, A CORPORATION OF DELAWARE, DEFENDANT.

MARY HENDERSON, ADMINISTRATRIX AD PROSEQUEN-DUM OF THE GOODS AND CHATTELS OF THOMAS J. HENDERSON, DECEASED, PLAINTIFF, v. COLONIAL WESTERN AIRWAYS, A CORPORATION OF DELAWARE, DEFENDANT.

Decided February 3, 1932.

For the plaintiffs, *James A. Coolahan* and *William George.*

For the defendant, *McDermott, Enright & Carpenter.*

ACKERSON, C. C. J. This matter comes before me upon a rule to show cause why the verdicts of $38,000, for the plaintiff, Dina Boele, administratrix, and $33,900 for the plaintiff, Mary Henderson, administratrix, should not be set aside and a new trial granted upon the grounds that the verdicts are against the weight of the evidence and are excessive.

I have carefully read the voluminous transcript of the evidence while the case is still fresh in my mind, and have reached the conclusion that the verdicts are not against the weight of the evidence.

In regard to the verdict of $38,000 in favor of Dina Boele, administratrix, it appeared that the deceased, Anton M. Boele, was thirty-seven years of age at the time of his death, and his wife, the plaintiff, twenty-eight. There were no children, and the deceased had been turning over to his wife from sixty ($60) dollars to one hundred ($100) dollars per week for about two years before his death—earned principally from speculating in the stock market. There is no evidence as to the average of such weekly payments, nor how much thereof was required for the living expenses of the deceased. The estate turned over to the widow amounted to approximately $28,000. Taking everything into account, I am convinced that all of this verdict over $25,000 is excessive.

If the plaintiff, Dina Boele, administratrix as aforesaid, will consent to accept a reduction of this verdict to $25,000, she may enter judgment for that amount. Otherwise the rule to show cause will be made absolute and a new trial ordered as to damages only.

In regard to the verdict of $33,900 in favor of Mary Henderson, administratrix, it appeared that she was fifty-eight years old, and her son twenty-seven years at the time of his death. He was unmarried and living with his mother to whom he turned over forty ($40) dollars to fifty ($50) dollars per week, realized principally from speculations in the stock market in partnership with his friend the above-mentioned Anton M. Boele. Here again there is no evidence as to the average of such weekly payments, nor how much thereof was required for the board of the deceased. The estate received by Mrs. Henderson amounted to approximately $25,000. Considering the matter in the most favorable light for Mrs. Henderson, it would appear that the verdict should not exceed $15,000.

If the plaintiff, Mary Henderson, administratrix as aforesaid, will consent to a reduction of this verdict to $15,000, it may stand for that amount. Otherwise the rule to show cause will be made absolute, and a new trial ordered as to damages only.